UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:12-cr-00189-SEB-MJD-02 |
| DEMOND GLOVER, | ) | |
| Defendant. | ) | |

**Entry Denying Defendant's Motion to Suppress**

This cause is before the Court on Defendant's motion to suppress [Docket No. 199] the heroin seized by law enforcement agents from inside a sealed laundry detergent box found within the stopped automobile driven by Defendant. The Government defends the legality of the search and seizure and thus opposes the motion.

**Background**

On October 11, 2012, Indiana State Trooper Bradley Smith ("Trp. Smith") stopped Defendant Demond Glover ("Glover") for driving eight miles over the speed limit on Interstate 65 within the Southern District of Indiana. Upon approaching Glover's vehicle, Trp. Smith detected a strong odor of marijuana emanating from inside the truck and spotted a package of rolling papers positioned in plain view on Glover's lap. Trp. Smith observed Glover to "be unusually nervous" at the time he confronted him in the car: his "hands were

shaking, voice was cracking, and he constantly swallowed" according to Trp. Smith. Dkt. 201 at 3.

Based on prior surveillance, Trp. Smith believed Glover to be transporting narcotics, prompting him to expand his search of the truck beyond his initial discoveries, which included finding small pieces of marijuana in and on the truck's carpet. In the course of his search of the interior of the car, Trp. Smith located a sealed Purex laundry detergent box, which had been "previously opened and then resealed." Id. When Trp. Smith reopened the sealed box, he found the heroin at issue in this motion.

Glover does not contest that Trp. Smith's detection of the smell of marijuana or his observation of the rolling papers in plain view provided the necessary probable cause to conduct a search of the passenger compartment of the vehicle without first securing a warrant to do so. Glover does contend that Trp. Smith's search of the resealed soap box exceeded the scope of a permissible warrantless vehicle search.

## Analysis

The Fourth Amendment guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. When government agents conduct a warrantless search, they must demonstrate that the search conforms to one of the defined exceptions to the warrant requirement. United States v. DiModica, 468 F.3d 495, 499 (7th Cir.2006). A warrantless search of a vehicle is valid if it is

based on probable cause. <u>Ornelas v. United States</u>, 517 U.S. 690, 693 (1996); <u>see also</u> <u>Arizona v. Gant</u>, 556 U.S. 332, 346 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, <u>United States v. Ross</u> authorizes a search of any area of the vehicle in which the evidence might be found.") (internal citation omitted).

Glover argues that Trp. Smith was obligated to forego a search of and detain the sealed container in order to obtain a warrant to inspect its contents, rather than open it and search its contents pursuant to the vehicle exception to the warrant requirement.  The Seventh Circuit considered this very issue in <u>United States v. Mazzone</u>, straightforwardly ruling that "whatever its force, this argument has been rejected by the Supreme Court, whose present view is that if the police have probable cause to believe that there is contraband or other lawfully seizable material anywhere in the car they can search for it even if it is in a sealed container, or in a closed or even locked compartment such as the glove compartment or the trunk." 782 F.2d 757, 760 (7th Cir. 1986) (citing <u>United States v. Ross</u>, 456 U.S. 798, 821 (1982); <u>United States v. Johns</u>, 469 U.S. 478, 483-85 (1985)).  Thus, because Trp. Smith had probable cause to search Glover's car (which Glover does not dispute), his opening up of the sealed laundry detergent box was a constitutionally permissible search, despite there being no warrant, which culminated in his finding the heroin.

Defendant's argument  likely would have succeeded had it been subject to the <u>Chadwick-Sanders</u> doctrine, now inapplicable.  There, the Court held that the

3

increased privacy expectation relating to closed containers continues on, irrespective of whether the container happens to be located inside a vehicle.  See United States v. Chadwick, 433 U.S. 1, 10-15 (1977).  Yet the Court in California v. Avecedo clearly and decisively abrogated that rule, as follows: "In light of the minimal protection to privacy afforded by the Chadwick-Sanders rule, and our serious doubt whether that rule substantially serves privacy interests, we now hold that the Fourth Amendment does not compel separate treatment for an automobile search that extends only to a container within the vehicle." 500 U.S. 565, 576 (1991).

      Glover invokes the dissent in Avecedo seeking to reanimate the Chadwick-Sanders doctrine relating to warrantless searches involving sealed containers. Dkt. 202 at 3 (citing Acevedo, 500 U.S. at 598 (1991) (Stevens, J., dissenting)). That is a futile effort, however, given the Supreme Court's rejection of the Chadwick-Sanders rule as "the antithesis of a 'clear and unequivocal' guideline'" resulting in a lack of clarity and consistency whenever attempts were made to apply it.  Avecedo, 500 U.S. at 577 (citation omitted).[1]  As Justice O'Connor observed, the Chadwick-Sanders rule "devolved into an anomaly such that the

---

[1] For the defendant to prevail on his motion, we would not only need to resuscitate the Chadwick-Sanders doctrine, but also ignore the dissent in Avecedo.  The dissent in Avecedo reiterated the Court's rationale in United States v. Ross, to wit, "'prohibiting police from opening immediately a container in which the object of the search is most likely to be found and instead forcing them first to comb the entire vehicle would actually exacerbate the intrusion on privacy interests.'" Acevedo, 500 U.S. 565, 574 (1991) (Stevens, J., dissenting) (quoting Ross, 456 U.S. 798, 821, n.28 (1982)). Justice Stevens's dissent was even narrower than the Chadwick-Sanders rule.

more likely the police are to discover drugs in a container, the less authority they have to search it." Id. at 577. The Court's abandonment of the old rule was complete.

Further, under current constitutional interpretations, no distinction between closed and sealed containers is relevant in resolving warrantless vehicle search cases. To the extent the government has relied on such a distinction in briefing the motion before us, it has relied on an outdated and therefore superfluous rationale. See, e.g., Caroll v. United States 267 U.S. 132 (1925) (validating the warrantless removal of upholstery in a vehicle given the existence of probable cause to search for illegal substances as well as the unusual hardness of the seatback); United States v. Calvo-Saucedo, 409 Fed. Appx. 21, 24-26 (7th Cir. 2011) (noting that the smell of silicone suggested a need to pull apart a vehicle's doors); Dkt. 201 at 3 (box containing heroin "appeared to have been previously opened and then resealed"). The controlling precedent does not turn on whether the searched container was sealed or unsealed.

## Conclusion

The challenged search was constitutionally permissible. Accordingly, Defendant's motion to suppress evidence is DENIED.

IT IS SO ORDERED.

Date: 08/22/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**Kenneth Lawrence Riggins**
**Kennethriggins@yahoo.com**

**Richard L. Ford**
**ATTORNEY AT LAW**
**rlfatty@gmail.com**

**Mario Garcia**
**BRATTAIN & MINNIX**
**mgarcia@brattainminnix.com**

**Laura Paul**
**LAURA PAUL, PC**
**laura@laurapaul.net**

**Melanie C. Conour**
**UNITED STATES ATTORNEY'S OFFICE**
**melanie.conour@usdoj.gov**

**Michelle Patricia Brady**
**UNITED STATES ATTORNEY'S OFFICE**
**michelle.brady@usdoj.gov**

**Vernon E. Lorenz**
**VERNON E. LORENZ, P.C.**
**vlorenz@vernonlorenzlaw.com**