UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:12-cr-00189-03 SEB-MJD |
| ANTHONY LOMAX, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER DENYING DEFENDANT ANTHONY LOMAX'S MOTIONS FOR SUPPLEMENTAL DISCOVERY</u>**
(Dkt. Nos. 282, 234 & 281)

Defendant, Anthony Lomax ("Lomax"), is one of five defendants charged in the twenty-two count Fourth Superseding Indictment pending in the above-captioned cause. Lomax is charged in Count One (conspiracy to possess with intent to distribute and to distribute heroin), Counts Fourteen, Fifteen, Eighteen, Nineteen and Twenty (distribution of heroin), and Count Twenty-two (felon in Possession of a Firearm). The original Indictment was filed on November 20, 2012, and the Fourth Superseding Indictment was filed on October 23, 2013. The parties stipulate that substantial discovery has been provided and reviewed by defense counsel as required by Rule 16, Fed. R. Crim. P. Trial is currently set for January 27, 2014, at which three of the five charged defendants are expected to be tried.

Before the Court here is a series of late-breaking motions (e.g., we say "late-breaking", though the Government describes them as untimely, given that the motion for bill of particulars was due within 14 days after arraignment unless permission is sought

from and given by the court, pursuant to Rule 7(f), Fed. R. Crim. P.) filed by Lomax's counsel seeking an order directing the government to disclose additional background information relating to this prosecution. Each of these requests exceeds the requirements for pretrial disclosure established by the Federal Rules of Criminal Procedure, the Jencks Act, Brady v. Maryland as well as the scheduling orders of this court. Lomax's motions also suffer from labeling errors as discussed more fully below, and fail to take into account the prior discovery disclosures already by government counsel or fall within the government's assurances that future disclosures prior to or during the trial will be made in a timely fashion as required by law. As such, Lomax has established no entitlement to the relief sought in any of his motion as explicated more fully below.

**BILL OF PARTICULARS**: What defense counsel has titled Lomax's "Motion for Bill of Particulars" is, in fact, a wide-ranging hodge-podge of supplemental discovery requests more properly viewed as a request for further evidentiary. Not until Paragraph 10, the final paragraph of this motion, does Lomax's request fall within the definition of a bill of particulars. A bill of particulars when ordered serves to supplement the indictment and as such it holds the government to proof in accordance with the disclosures and becomes, in effect, a supplemented charge. A bill of particulars is not tantamount to a discovery request. "The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's theory of the case." United States v. Robinson, 2012 WL 4856958 (E.D.M0)(internal citations omitted).

In Paragraph 10 of his request for a Bill of Particulars, Lomax requests the details as to "time, date, place, and manner of the alleged crimes the Defendant has been charged with committing," including the "dates, locations and names of indicted and unindicted co-conspirators who allegedly conspired" with him to possess and to distribute heroin." Each of the Counts against Lomax already includes the date(s) of the alleged offense(s). In addition, the indictment sets out in substantial detail the nature of the offenses charged as well as the timing of offense conduct. The charges of distribution and of possession of the firearm include the essential elements of each offense and are thus, along with the related discovery disclosures already made, sufficiently specific to apprise Lomax of the events and conduct which the government intends to prove at trial and for which he is held to answer.

In his Reply Brief, Lomax complains that with regard to Count 1, the drug conspiracy charge, he has not been informed by the Government as to its belief that "Lomax and Brandon Lomax were a part of the same conspiracy." Further, Lomax continues, Count 1 "fails to detail any facts or events linking Lomax (himself) to the alleged conspiracy."

The Fourth Superseding Indictment puts the lie to these claims by Lomax. For example, the conspiracy charge in Count 1 avers that the illegal agreement among the four defendants, including Anthony Lomax, began in 2009 and continued up to and including December 5, 2012, within the Southern District of Indiana and elsewhere. It further alleges that the object of this conspiracy was to possess with intent to distribute and to distribute controlled substances, including a specified quantity of heroin. In the "Manner and Mean" section of Count 1, Parag. 3, it is specifically alleged that "Anthony

Lomax would assist Brandon Lomax in his (heroin) distribution activities…".  Count 14 is a heroin distribution charge against Lomax alleged to have occurred on September 26, 2012;  Count 15, on October 2, 2012; Count 18, on October 13, 2012;  Count 19, on October 16, 2012;  Count 20, on November 19, 2012 --  all within the period covered by the conspiracy charge in Count 1.  Count 22 against Lomax alleges that he was a felon in possession of a firearm on December 5, 2012,  the final day of the conspiracy.  There is more that sufficient detail in the indictment to put Lomax on notice as to the government's "belief" that Anthony and Brandon Lomax were a part of the same conspiracy and that Lomax was clearly linked to it.

Defendant's requests for police reports, witness statements, confessions, physical or mental examination results or other scientific testing results,  witnesses names, addresses and telephone numbers,  statements adopted by witnesses,  video recordings, photographs, benefits given by the government to witnesses in exchange for their testimony, and any information that is exculpatory of Defendant Lomax are clearly requests for discovery and/or <u>Brady</u> material, which are covered by other rules and which the government has stated it either has or will comply with in timely fashion.  The Court lacks any lawful authority to require otherwise of the government.

The Bill of Particulars accordingly shall be **DENIED.**

**<u>MOTION IN LIMINE</u>**:  Defendant Lomax seeks the exclusion at trial of any evidence disclosing his prior criminal history, any evidence of uncharged misconduct ("bad acts" under Rule 404(b), F.R.Evid.), and any statements which mention him where the purported maker of the statement cannot be cross examined.  Defendant's motion in limine is problematic in that it fails to take into account the lawful and permissible uses

of such evidence, should the government satisfy the conditions under which it can be introduced.

For example, Lomax is charged in Count 22 with the offense of being a felon in possession of a firearm. Ordinarily, as government counsel points out, defendants charged with this offense accept the government's offer to stipulate that the only reference that will be made in the presence of the jury with respect to the defendant's prior conviction(s) will be limited to the fact that the defendant has incurred such, without any specific reference or elaboration with regard to the number or nature of the prior convictions being made. Lomax apparently has failed to enter into any such limiting stipulation, which leaves the government free to introduce evidence of his prior felony conviction(s) in order to prove this essential element of the charge.

Regarding the evidence of prior bad acts (that is, uncharged misconduct by the defendant known to the government beyond the conduct covered in the pending charges), such evidence is subject to the requirements of Rule 404(b), Fed. R. Evid. The government has indicated that it intends to fully disclose such evidence of this sort which it may seek to introduce in its trial brief which will be filed in advance of trial, thereby fully informing the defendant and allowing the Court to rule in advance of trial as to its admissibility. This procedure satisfies the Rule 404(b) requirements. As such, it renders Lomax's motion in limine premature. The Court will rule on these issues following the government's promised pretrial disclosures,

With reference to statements mentioning the defendant where the maker of the statement will not be subject to cross-examination, such statements may be admissible as statements by co-conspirators made in furtherance of the conspiracy, under Rule

810(d)(2)(E).  The government has indicated its intention to comply fully with existing case law by setting forth in detail any such statements in its *Santiago* proffer, which will be a part of its trial brief.  Mindful of the requirements imposed on the Court by the Seventh Circuit for determining prior to trial whether any such proffered statement(s) was actually made in furtherance of the alleged conspiracy, we will conduct that careful analysis after the trial brief is filed and defense counsel has had an opportunity to respond to the specific evidence.  Thus, again, this motion is not ripe for decision by the Court.

**BRADY/GIGLIO DISCLOSURES**:  Defendant's request here is not so much one for full disclosure of any and all exculpatory evidence, including impeachment, as it is an appeal to the Court's sense of fairness.  Lomax's counsel request that the Court require the government to provide him with sufficient advance notice of the content of witness statements and Brady materials and other such disclosures as will allow him to undertake adequate preparations for trial.  Conceding that the Jencks Act does not require disclosure by the government of witnesses' statements prior to their testifying at trial, defense counsel contends that these statements in effect constitute Brady material, access to which a defendant should be entitled at the earliest time possible and certainly well prior to their testimony.

Defendant's specific request is for the immediate production of the following, on the grounds that it is, in fact, exculpatory and/or impeachment evidence:

1. All promises, inducements, incentives and/or rewards offered to government witnesses.
2. Evidence relating to any witness working with or at the direction of law enforcement.
3. Information relating to training of or termination of government witnesses.
4. Evidence of bias, prejudice, fabrication or lying by government witnesses.
5. Mental health treatment, including drug and alcohol treatment, for witnesses.

6. Evidence that any witness was under the influence of alcohol or drugs at the time of events which are the subject of that witness's testimony.
7. Inconsistent statements made by any witness.
8. Any witness's Rule 609 prior convictions.

The Government responds that it has already disclosed all the Brady material of which it has knowledge (but to its knowledge there is none) and will disclose the Giglio material before each witness testifies, that is, at least seven business days prior to trial. The Government further notes that the itemized list of materials requested reflect material the defendant may use to impeach government witnesses, rather than to exculpate the defendant. Acknowledging that it has a duty to disclose at the appropriate time information bearing directly on the credibility of its major witnesses, defendant's requests, it contends, exceed the requirements of law in this Circuit. In particular, disclosures must be made simply "before it is too late for the defendant to make use of any benefits of the evidence…". United States v. Allain, 671 F. 2d 248, 255 (7th Cir. 1982)(citing United States v. Ziperstein, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031, 100 S. Ct. 701, 62 L. Ed.2d 667 (1980). Disclosure of witness credibility evidence at the time of trial has been deemed by our Circuit as satisfactory. United States v. McPartlin, 595 F. 2d 1321, 1346 (7th Cir. 1979), cert denied, 444 U.S. 833, 100 S. Ct. 65, 62 L Ed.2d 43 (1979). Accordingly, requests for discovery are not the proper vehicle for obtaining a list of the government's witnesses, which seems to be the primary thrust of Lomax's request.

The Government specifically agrees to disclose, consistent with the above schedule, any and all proffer agreements, immunity grants and other benefits promised by it to witnesses as well as information concerning witnesses' criminal and psychiatric backgrounds. All other categories specifically requested by defendant for expedited

discovery are, it asserts, covered by the Jencks Act, which provides the exclusive procedure for discovering statements made by government witnesses, and with which it will comply as promised. This motion should therefore be denied. To the extent that certain material is covered by both Brady and Jencks, the Jencks Act controls the timing of the disclosures, which is to say, the disclosures are not required until after the witness has testified on direct examination, but the government will provide this information on a somewhat expedited basis, as it has previously promised.

Defense counsel concedes in his reply brief that the government "correctly points out that no rule or statute mandates pre-trial disclosure of the material requested by Lomax, (but) there is likewise nothing prohibiting it." This is not enough to justify a court order along the lines he requests. The Court understands the controlling precedents and applicable rules to be in line with the Government's contentions as laid out in its responsive briefing to Defendant's Motion for Timely Disclosure of Brady/Giglio Material.

Accordingly, finding no compelling reason not to apply the Jencks Act provisions in order to require disclosure by the government of its witness list in advance of trial, particularly given the nature of the charges at issue in this case and the strong potential for violence they suggest in the form of witness retaliation, injury or intimidation if the information is released prematurely, we shall deny this motion as well.

The Defendant's motions are all DENIED.

IT IS SO ORDERED.

Date: 01/10/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record via ECF